UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
APPEAL NO. 13-4328

RECEIVED

2013 AUG 19  AM 10: 21

U.S. COURT OF APPEALS
FOURTH CIRCUIT

UNITED STATES of AMERICA,

      Plaintiff,

v.

KEVIN LAMONT WALKER,

      Defendant/Appellant.

DEFENDANT'S/APPELLANT'S PRO SE
SUPPLEMENTAL BRIEF

COMES NOW, Kevin L. Walker, "Defendant,"Appellant, Pro Se, brings this Supplemmental Brief to the Court appealing the district court ruling from the February 5,2013 supervised release revocation hearing at which time the district court sentenced Defendant to twenty-four(24) months incarceration. The twenty-four(24) month[s] sentence is unreasonable. DEfendant's counsel denied him of his Sixth Amendment right to effective counsel resulting in ineffective assistance of counsel.

**Issue One:**      **Ineffective Assistance of Counsel**

It is well-settled law in this Circuit that ineffective assistance of counsel claims generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295(4th Cir. 1997). An exception exist when the record conclusively establish ineffective assistance of counsel. King, 119 F.3d at 295. See also United States v. Fisher, 477 F.2d 300,302(4th Cir.1973).

Defendant was denied effective counsel in his case and the record conclusively establish ineffective assistance of counsel.

**A.**

On February 5,2013, Defendant appeared in district court for

a supervised release revocation hearing. At the conclusion of the
hearing Defendant instructed counsel to file an appeal in the case.
This Circuit's precent holds that when counsel is directed to file
an appeal by his client and fails to do so it results in the
counsel denying the defendat their Sixth Amendment Right to
effective counsel. United States v. Peak, 992 F.2d 39, 42(4th Cir.
1993); United States v. Poindexter, 492 F.3d 263(4th Cir.2007).
On February 21,2013, counsel filed a Motion for Extension of Time
to file Notice of Appeal. The district court granted counsel's
motion on February 27,2013, and extended the time to file the Notice
of Appeal to March 21,2013. Counsel never filed the Notice of Appeal
in Defendant's case resulting in ineffective assistance of counsel.
Roe v. Flores-Ortega, 523 U.S. 470, 476-77, 120 S. Ct. 1029, 145
L.Ed. 2d 985(2000) holds that "an attorney must file a timely notice
of appeal when instructed to do so by the defendant. 528 U.S. at
476. An attorney who disregards his client's instruction to file
a timely notice of appeal acts in a professionally unreasonable
manner. Rodriquez v. United States, 395 U.S. 327, 89 S. Ct. 1715,
23 L. Ed. 2d 340(1969). United States v. Peak, 992 F.2d 39, 42(4th
Cir. 1993).
Defendant's Criminal Docket Sheet show that counsle filed the motion
for extension of time and counsel did not file the notice of appeal
after being granted the extension of time resulting in Defendant
being denied effective counsel.
When counsel failed to file a requested appeal by the Defendant,
the Defendant is entitled to (a new] appeal without showing that
his appeal would likely have had merits. Peguero v. United States,
526 U.S. 23, 28, 119 S. Ct. 961, 143 L. Ed. 2d 18(1999). See also
United States v. Poindexter, 492 F.3d 263(4th Cir.2007).

Defendant was denied his Sixth Amendment right to effective counsel and therefore the Court should afford Defendant a new appeal; vacate Defendant's sentence and remand his case back to the district court for a new supervised release hearing with a new counsel because of the remaining ineffective assistance of counsel issues in this appeal. Counsel's failure to file the notice of appeal is evidence showing that Defendant's remaining ineffective assistance of counsel issues in this appeal has merit.

B.

At the February 5,2013 supervised release revocation hearing, prior to the hearing coming to session Defendant was viewing counsel's copy of the revocation petition. Defendant informed counsel at that time that he never received a copy of it (petition) nor received a summons to appear in court. Defendant informed counsel to inform the court he was denied Due process in the proceedings being he did not receive a written copy of the petition or evidence being used against him and argue for the case to be dismissed. Counsel advised Defendant his Due Process rights were not violated being he did not receive a copy of the petition or evidence being used against him and it would be a waste of time to bring the issue before the court. In Gagnon v. Scarpelli, 411 U.S. 778, 782, 36 L. Ed. 2d 656, 93 S. Ct. 1756(1973), the Supreme Court held that probationers are entitled to the Due Process rights provided to parolees, as outlined in Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484(1972). These rights are codified in federal Rules of Civil Procedure 32.1. Under Fed. R. Civ. P. 32.1(a)(2)(A), the probationer must receive "written notice of the alleged violations of probation and evidence being used against them." Clearly Defendant's due

process rights were violated being Defendant did not receive a
written copy of the alleged violations, evidence being used against
him; and not being served with a summons in the case.
Counsel mislead Defendant and gave gross misinformation about the
law and Defendant's Constitutional Rights resulting in ineffective
assistance of counsel. Counsel did not even attempt to verify whether
or not Defendant's Constitutional rights were violated. Instead
he lies to Defendant stating that his Rights were not violated being
he did not receive a copy of the violations or evidence being used
against him. This Circuit holds in Ostrander v. Green, 46 F.3d 347
(4th Cir.1995), that " there is, however, "a difference between a
bad prediction within an accurate description of the law and gross
misinformation about the law." (overruled on other grounds by O'Dell
v. Netherland, 95 F.3d 1214(4th Cir.1996)(en banc). Defendant's
Criminal Docket Sheet clearly shows that Defendant did not receive a
copy of the alleged violations or evidence being used against him;
and it shows that Defendant was never served the summons in this
case. The summons was never executed on Defendant. Counsel not
looking into whether Defendant's due process rights were violated
and lying to Defendant say his due process rights were not violated
being he did not receive a written copy of the alleged violations
and evidence being used against him is ineffective assistance of
counsel. United States v. Lewis, 477 Fed. Appx. 79(4th Cir.2012);
see also Lewis v. United States, 985 F. Supp. 654, 1997 U.S. Dist.
LEXIS 18856(S.D. W.VA).
Defendant's Criminal Docket Sheet shows that he did not receive any
documents pertaining to the supervised release revocation proceedings
and had counsel merely looked at it he would have discovered that
Defendant did not receive any documents. The record shows that

Defendant did not receive the documents and this particular in-
effective assistance of counsel issue the Court should rule in
favor of the Defendant on the Direct appeal review and rule in favor
of the Defendant being the record show that:(1) counsel after filing
for an extension of time to file a notice of appeal, did not file
the notice which demonstrates counsel pattern of ineffectiveness
in Defendant's case;(2) Defendant's criminal docket sheet show
Defendant did not receive a written copy of the alleged violations,
evidence being used against him and the summons was never executed
on Defendant. Those things alone show without any doubt that Defendant's
due process rights were violated and being Defendant inform counsel
prior to the hearing beginning and instructed him to inform the
court that he was denied his due process rights and to argue for
the case to be dismissed; and with counsel lying to Defendant saying
his due process rights were not violated is ineffective assistance
of counsel.

The Court should vacate Defendant's sentence and remand with in-
struction for the district court to appoint Defendant new counsel
and have a new supervised release hearing.

It is well-settled in this Circuit that ineffective assistance of
counsel claims are genearally not reviewed on direct appeal, King
unless the record is conclusive. Defendant's Criminal Docket Sheet
establish that Defendant never received any written copy of the
revocation petition or evidence being used against him; a summons
was never executed on Defendant, and each of those mattersmust
take place im the proceedings. Defendant's Due Process rights
have clearly been violated. Prior to the hearing Defendant informed

counsel that he was denied his Constitutional Righs to due process by not being afforded the written copy and evidence being used against him, and the summons not being executed on him. Counsel denied Defendant effective counseling by not looking inot the matter and lying to Defendant in stating that Defendant's due process rights were not violated )eing those issues did not take place. Had counsel merely requested a ten minute recess and went to the clerk's office for a copy of Defendant's Criminal Docket Sheet counsel would have seen that the Defendant had not received a copy of anything nor was a summons executed on the Defendant. Upom the discovery counsel should have presented the facts to the district court and as the Defendant had informed counsel, argued for the revocation case to be dismissed. Counsel denied the Defendant effective counseling and the Court should vacate Defendant's sentence and remand his case back to district court with instructions for the Defendant to be appointed a new counsel and for a new hearing to afford the new counsel the oppurtunity to argue for the case to be dismissed Being Defendant's due process rights has been violated numerous times in the case.

C.

18 U.S.C. § 3583(f) mandates:

> "The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to serve as guide for the defendant's conduct and for such supervision as is required."

18 U.S.C. § 3603(1) mandates:

> "That a probation Officer shall- instruct a probationer or a person on supervised release, who is under his super vision, as to the conditions specified by the sentencing

court, and provide him with a statement clearly setting forth all such conditions."

Defendant was release from incarceration on April 4,2012. On July 7,2012, Defendant was arrested and subsequently convicted of DUI. After the July 7,2012 arrest, at some point between July 4,2012 thru july 23,2012, Defendant's probation officer became aware of Defendant's arrest and that Defendant had a term of supervised release to serve in case No.4:95cr37 and that he was to have been supervising the Defendant in the case. The probation officer contacted the Defendant and informed him that on July 24,2012, he would be visiting his residence and that Defendat need to be there. On July 24,2012, the probation officer arrives at Defendant's home around 6-6:30 a.m.. At this time the probation officer informs the Defendant that he has a term of supervised release to serve in case No. 4:95cr37. The probation officer instructs the Defendant to the conditions of the supervised release as mandated in 18 U.S.C. 3603(1) and the Defendant and the probation officer both sign documents acknowledging that the Defendant understands the conditions and that the probation officer went over the conditions with the Defendant The probation officer gives the Defendant a copy of the written statement of the conditions as mandated in 18 U.S.C. § 3583(f).

After the supervised release revocation hearing on February 5,2013, the Defendant was taken into custody by the U.S. Marshals. Counsel visited the Defendant in a conference room and at that time the Defendant informed counsel that the probation officer lied in his revocation petition stating that he informed him of the conditions of supervised release in this case within 72 hours of the Defendant being released from incarceration of April 4,2012. Defendant informed

counsel that the probation officer did not inform him of the conditions of the supervised release until July 24,2012. Defendant instructed counsel to obtain the file from the probation office and review the documents on him because it will show the date in which the probation officer and the Defendant signed the documents for supervised release in case No.4:95cr37. Defendant also instructed counsel to file a motion for a new hearing or reconsideration and present the documents to the court because the violations in the revocation petition that allegetly takes place before July 24,2012 should be dismissed. With the probation officer lying in his petition for revocation and the violations occurring before July 24, 2012 being dismissed the court could have dismissed the revocation petition or at minimum, imposed a lesser sentence. Counsel, after being instructed to file a motion for a new hearing or reconsideration did not file either motion, denying the Defendant his Sixth Amendment right to effective counsel.

Along with § 3603(1) and § 3683(f), the Supreme Court in Grayned v. City of Rockford, 408 U.S. 104, 108-09, 33 L.Ed. 2d 222, 92 S. Ct. 2294(1972) holds that a probationer has the due process rights to know the prohibitted conduct that could lead to his incarceration. In United States v. Foster, 500 F.2d 1241(9th Cir. 1974) holds that a defendant cannot be violated for conduct committed on probation if the defendant was not informed of the conditions of his probation (quoting United States v. Dane, 570 F.2d 840, 843(9th Cir. 1977). In this Circuit  it holds that a district court abuses its discretion when it revokes a defendant's probation for conduct that Defendant was not made aware of the conditions by the probation officer. United State v. Taylor, 321 F.2d 339(1963).

Defendant's counsel not filing a motion for reconsideration of motion

for a new hearing after being instructed to do so by the Defendant
denied the Defendant of effective counsel. Precedent in this Circuit
clearly establish that counsel not filing a appeal after being
instructed by the defendant is ineffective assistance of counsel.
United States v. Peak, 992 F.2d 39, 42(4th Cir. 1993); Roe v. Flores-
Ortega, 523 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L.Ed. 2d 985(2000).
Those cases involve the filing of an appeal but the same standard
nust apply in Defendant's case. Defendant informed counsel after the
hearing that the probation officer lied in his petition and that it
was not until July 24,2012 that the probation officer informed him
of the conditions of supervised release. Defendant also informed
counsel to obtain his files from the probation office and it would
show that what he was saying did in fact occur. Defendant informed
counsel of factual information that he could confirm. Had counsel
merely obtained Defendant's files and reviewed it counsel would have
seen that Defendant was accurate in what he stated to him. Had
counsel filed the requested motion as directed by the Defendant
the Defendant would have received a new hearing which could have
resulted in the case being dismissed due to the sole fact that the
probation officer lied in his petition for a revocation hearing. Also,
the Defendant would not have been charged with any violations
occurring before July 24,2012. With those violations being dismissed
the Defendant's only violations would have been fore the August 7,
2012 traffic violations. Defendant would not have received an above
guideline sentence.
Counsel denied Defendant effective assistance of counsel and the
Court should vacate Defendant's sentence and remand back to the
district court for a new hearing. The Court should instruct the

district court to appoint Defendant a new attorney.

**Issue Two:**        **Revocation Sentence Unreasonable**

It is well-settled in this Circuit that this Court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable."

### Legal Standard

A challenge to the revocation sentence being unreasonable is reviewed De novo. United States v. Mackins, 315 F.3d 399(4th Cir. 2002); United States v. Lynn, 592 F.3d 572(4th Cir. 2009).

This Circuit has well established that that in determining whether a revocation sentence is unreasonable it first assess the sentence for unreasonableness, "following generally the procedural and substantive considerations that the Court employ in its review of original sentences." United States v. Crudup, 461 F.3d 433, 437, 439-40(4th Cir.2006). Id. 438. See also United States v. Carter, 564 F.3d 325, 330(4th Cir.2009); United States v. Stallins, 2013 U.S. App. LEXIS 69449(4th Cir.); United States v. Fisher, 2013 U.S. App. LEXIS 5216(4th Cir.); United States v. Redwine, 488 Fed Appx. 727(4th Cir.2012); United States v. Engle, 592 F.3d. 495(4th Cir.2019); United States v Strictland, 2010 U.S. App. LEXIS 1309 (4th Cir.); United States v. Murphy, 380 Fed appx. 344(4th Cir.2010). This Court also applies the Supreme Courts standards from Gall v. United States, 128 S. Ct. 586, 597, 169 L.Ed. 2d 445(2007) and Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 168 L.Ed. 2d 203(2007). In Gall the Supreme Court holds that this Court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence

based on clearly erroneous facts, or failing to adequately explain
the chosen sentence-including an explanation for any deviation
from the Guideline range. In Rita the Supreme Court holds that
where the defendant or prosecutor presents non-frivolous reasons
for imposing a different sentence than that set forth in the
advisory Guidelines, a district court should address the party's
arguments and explain why he has rejected those arguments.

A.

## Standard of Review

During the February 5, 2013 revocation hearing the Government
argued for an above Guildeline sentence of twelve(12) months in-
carceration. Defendant's advisory guideline range was 5 to 11-months
and Counsel argued against the Governments above guideline sentence
of twelve(12) months. Counsel stated that the twelve(12) months
was "excessive" for the type of vilations the Defendant had.
Counsels argument for a lower sentence reflected of § 3553(a) factors
which preserved Defendant's issues on this appeal that the sentence
is unreasonable and the §3553(a) factors considered and not considered
at the revocation hearing. United States v. Lynn, 592 F.3d 577-78;
United States v. Davidson, 417 Fed. Appx. 347(4th Cir.2011). There
fore the  Court's review is also for abuse of discretion.

Additionally, after the February 5, 2013 hearing the Defendant
filed a motion for Reconsideration which was filed on February 15,
2013. In the motion for Reconsideratiom the Dendant argued for the
district court to reconsider its imposed sentence being there was
newly discovered evidence. On February 20,2013 the district court
demied Defendant's motion. In the motion for RedonsiderationDefendant

argued that the probation officer lied in his petition for revocation; the pro-
bation officer did not give the Defendant the conditions  of supervised release
in the case until July 24,2012; and that Defendant was never served with the
summons nor received a copy of the petition or evidence being used against him.
Defendant's motion for reconsideration was filed within 10 days of the February 5,
2012 judgment which preserved the claims for this appeal. Lynn, 592 F.3d 572;
Davidson, 417 Fed. Appx. 347.

B.                            **Sentence Unreasonable**

A supervised release sentence is procedurally unreasonable if it run afoul
of clearly settled law. United States v. Thompson, 595 F.3d at 548(4th Cir.).
In Crudup, this Circuit's mandate that the district court cannot impose a supervised
release sentence considering 18 U.S.C. § 3553(a)(2)(A) factor.
Defendant's sentence is procedurally unreasonable because the district court in
deciding the length of the revocation sentence it was going to impose on the
Defendant considered § 3553(a)(2)(A) factor. The transcript from the hearing un-
disputablly show that the district court's sentence of twenty-four(24) months
incarceration was imposed to "promote respect for the law," to "promote just
punishment for the offense," making the Defendant's sentence procedurally un
reasonable.
Lines 22 through 25 of page 15 of the transcript and lines 1 through 11 of page 16,
the District court makes it very clear why the advisory guidelines range for the
Defendant of 5 to 11-months, and the 12 month sentence the Government argued for
was not appropriate.

> "The government says 12 months, but the Court is
> not following it. The Court is giving you more than
> 12 months because you are coming out ahead here."

> "You walk out of here today with 12 months, thats 36
> months as far as the Court is concern you never did
> before this Court."

Clearly the district court did not impose a guideline sentence or even the above guidelines sentence of 12 months the Government argued for becuase it was considering § 3553(a)(2)(A) factor in the length of the sentence it was going to impose.

> "The Court is giving you more than 12 months because you are coming out ahead here."

The only way the district court could feel the Defendant was coming out ahead with an above guidelines sentence of 12 months is  because the district court felt that the 12 months was "not"..."just punishment for the offense." The Government in its argument for an above guideline sentence of 12 months considered § 3553(a)(1), stating on pages 8 through 9 of the revocation transcript "the nature and circumstances of the offense," and Defendant's  "history and characteristics." It is not required of the Government to consider all the permitted § 3553(a) factors in their argument but in the Government's argument for the above guidelnes sentence of 12 months it also, after arguing and requesting for the district court to impose the 12 months above guideline sentence, adequately stated why in accordance with § 3553(c), stating:

> "We recommend you sentence him to the 12 months to be served with no supervision to follow and let Judge Smith continue to supervise him and deal with what will very likely be continued violations."

The district court sentence of twenty-four(24) months incarceration was imposed in violation of this Circuit's well-settled law that district courts are not permitted to consider the length of the revocation sentence it is going to impose considering § 3553(a)(2)(A) factor. Crudup, 461 F.3d at 39. It is very obvious that the district court sentenced the Defendant to twenty-four(24) months incarceration to "promote respect for the law." The Court states:

> "You walk out of here today with 12 months, thats 36 months as far as the Court is concern you never did before this Court."

In this Circuit the Court has vacated numerous cases in which defendants sentences were procedurally unreasonable. See United States v. Stallins, 2013 U.S. App. LEXIS 6944(4th Cir.). Defendant's sentence was vacated by this Court because the sentence

was procedurally unreasonable being the sentence violated the clear language of United States v. Moulden, 478 F.3d 652(4th Cir.2007). In Defendant's case here, his sentence is procedurally unreasonable because the sentence violates Crudup; the district court is not authorized to considered the length of sentence it is imposing considering § 3553(a)(2)(A). The district court clearly considered the prohibitted factor of 3553(a)(2)(A) in determining the length of the sentence it was imposing on the Defendant in the revocation hearing making the sentence procedurally unreasonable. The Court's precedent calls for the Defendant's sentence to be vacated and remanded back for resentencing.

2.

In Gall the Supreme Court holds that the district court "must" consider the permitted 18 U.S.C. § 3553(a) factors when imposing a sentence. Failure for a district court to consider the permitted § 3553(a) factors in a revocation sentencing makes the imposed sentence procedurally unreasonable. Gall, 552 U.S. at 51; United States v. Moreland, 437 F.3d 424,434(4th Cir.2006). At Defendant's hearing on February 5,2013, the district court did not consider § 3553(a)(2)(c) "to protect the public from crimes of the defendant." Defendant's supervised release violations involve driving and the district court did not consider § 3553(a)(2)(c) in considering the sentence it was imposing. The district court did not impose any type of driving restrictions upon the Defendant. When the district court was imposing its sentence it does not even mention anything concerning protecting the public from future driving crimes of the Defendant. Gall directs district courts to "consider all permitted § 3553(a) factors." In Defendant's case the district court does not place any emphasis on § 3553(a)(2)(c) in sentencing the Defendant making the sentence procedurally unreasonable and resulting in the district court abusing its discretion. In United States v. Carter, 564 F.3d 325, 330(4th Cir.2009) this Court vacated Defendant's sentence because the district court failed to state any particular basis to support its chosen sentence. In United States v. Fisher, 2013 U.S.App.

LEXIS 5216(4th Cir.) this Court held that defendant's sentence was procedurally unreasonable because the district court failed to address any of the defendant's specific arguments for a lower sentence; in United States v. Engle, 592 F.3d 495 (4th Cir.2010) this Court vacated defendant's sentence holding that it was procedurally unreasonable because the district court failed to consider the relevant policy statements in which § 3553(a)(4_)-(5) identifies. In Defendant's case the district court failed to consider § 3553(a)(2)(c) in sentencing the Defendant making the sentence procedurally unreasonable. As it done in the other cases, the Court should vacate the Defendant's sentence  because the district court failed to consider § 3553(a)(2)(c) which also makes the Defendant's sentence procedurally unreasonable.

**3.**

This Circuit has explained that the sentencing court "must state in open court the particular reasons supporting its chosen sentence." Carter, 564 F.3d at 328.(quoting 18 U.S.C. § 3553(c). An extensive explanation is not required as long as the appellate court is satisfiedd that the district court has a reasoned basis for exercising its own legal decisionmaking authority. Engle.(quoting Rita v. United States). 18 U.S.C.§ 3553(c) is mandatory during all sentencing and after the district court imposed the twenty-four(24) month[s] sentence it did not state its reasoning for the above guidelines sentence which violates § 3553(c) making the Defendant's sentence procedurally unreasonable. See Carter, 564 F.3d at 328. See also United States v. Strictland, 2010 U.S. App. LEXIS 1309(4th Cir.). In Strictland this Court vacated the defendant's sentence holding that it was procedurally unreasonable because the district court failed to articulate the factual basis for an above guidelines sentence. See also United States v. Murphy, 380 Fed. Appx. 344(4th Cir. 2010). After the district court imposed its twenty-four(24) month sentence it states:

> "You still come out too early, two ahead. Upon your
> completion of that 24 months, you will no longer be
> under the supervision of this court."

The district court does not state in open court any reason for the above guidelines sentence making Defendant's sentence procedurally unreasonable. Carter, 564 F.3d at 328. See also Strictland; Engle; and Murphy. See also United States v. Lewis, 424 F.3d 239(2d Cir.2005). Defendant's sentence shlould be vacated and remanded for resentencing.

4.

In Gall v. United States, the Supreme Court holds that a district court's failure to consider the § 3553(a) factors results in the sentence imposed being procedurally unreasonable and results in the district court abusing its discretion. In sentencing the Defendant at the revocation hearing the district court did not consider § 3553 (a)(4)-(5). The district court states at the hearing:

> "When you got out of prison, not even appreciating the fact you were in there for 22 years, you come out here and get nailed for dealing drugs again. The same thing you went to prison and got 22 years for. But for the Court reducing your penalty, you would have been in jail and you wouldn't have been able to commit the second felony."

The district court's statement clearly show that the district court did not consider the factors of § 3553(a)(4)-(5) in sentencing the Defendant making his sentence procedurally unreasonable. Just as this Court held in United States v. Engle, 592 F.3d 495(4th Cir.2010), the district court committed significant procedural error by failing to consider the changes made by the Sentencing Commission to "crack cocaine" offenses in sentencing the Defendant. Defendant's original conviction in this case is for "crack cocaine" (cocaine base) and the penalty for his offense was reduced by the Sentencing Commission and made retroactive which reduced the Defendant's penalty for his offense. The district court states:

> "But for the Court reducing your penalty, you would have been in jail and wouldn't have been able to commit the second felony."

That statement clearly establish that the district court did not consider § 3553(a) (4)-(5) in sentencing the Defendant making his sentence procedurally unreasonable.

Defendant was released from incarceration prior to serving the entire 22 years. The Defendant sentenced was reduced by the district court on the Government's Rule 35 (b) motion for substantial assistance. Without the district court reducing the Defendant's sentence on the Government's motion, the Defendant's sentence still was reduced by the Sentencing Commission being the Defendant's original conviction is for "crack cocaine". Had the district court considerd the factors of § 3553(a)(4)-(5) it would not have made that statement.

**5.**

A district court commits significant procedural eror and abuses its discretion if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323(4th Cir.2008); Gall, 552 U.S. at 51. The district court relied on erroneous facts in sentencing the Defendant on February 5,2013. During the hearing the district court states:

> "The DWI, you know better than that. Then you trying to outrun the police. You kill yourself, kill somebody else in the process. That's just plain bad judgment. It's criminal. Reckless driving, that's what that is."

The Defendant's DWI occurred on July 7,2012 and the Defendant at that time was not charged or even had attempted to outrun the police. On August 7,2012, the Defendant was charge with reckless driving for speeding, going 69mph in a 45mph zone. The reckless driving conviction was not for trying to outrun the police. Nor was the Defendant even attempting to outrun the police. During that traffic stop the Defendant pulled over and stopped. At no time during either traffic stop did the Defendant attempt to outrun the police. The district court states the Defendant could have killed himself or somebody else in the process which clearly show that the district court was under the impression that the Defendant tried to outrun the police. The district court committed significant procedural error by relying on erroneous factual and legal premises. Defendant was convicted for misdermenor disregard of the police lights with the reckless driving conviction. At the time of the traffic violation the Defendant and the police officer were traveling in

opposite directions and the officer turned around. By the time the officer had turned around and reached the Defendant's vehicle the Defendant's vehicle had come to a complete stop. At no time was there a high speed chase or the Defendant attempting to outrun the police. In United States v. Martin, 2012 U.S. App. LEXIS 22809 the district court's conclusion in the case was erroneous and this Court vacated the district court's ruling and remanded the case back to the district court. In Martin, the defendant's original presentence investigation report("PSR") recommended the he be held accountable for three kilograms of cocaone base. At sentencing, however, the district court found only that the defendant was accountable for at least 1.5 kilograms of cocaine base. After the 2008 sentence reduction pusuant to § 3582(c)(2) and Amendment 706 to the Guidelines, the defendant base offense level was thirty-six. The district court had concluded and denied the defendant's motion  on the premise that Amendment 750 did not provide a basis for considering a further reduction of the defendant's sentence. The district court's conclusion was erroneous being Amendament 750 did warrant the defendant a further reduction. DIRECTV,Inc. v. Rawlins. In United States v. Adkins, 466 Fed. Appx. 302(4th Cir.2012) the district court's ruling was vacated under DIRECTV,Inc. v. Rawlins because the record in the case was insufficient to determine the defendant's eligibility for a sentence reduction. Here in the Defendant's case the district court's conclusion that the Defendant tried to outrun the police is erroneous and warrants the sentnce being vacated for the district court's significant procedural error by relying on erroneous factual and legal premises.

B.

The district court committed significant procedural error and abused its discretion by relying on erroneous legal premises. Prior sentences are considered related and treated as one sentence under the United States Sentencing Guidelines("USSG") § 4A1.2(a)(2) if there is no intervening arrest and the offense(1) occurred on the same occassion,

(2) were part of a common scheme or plan, or(3) were consolidated for trial or sentencing. USSG § 4A1.2, comment(n.3). See United States v. Stewart, 383 Fed. Appx. 350(4th Cir.2010). Defendant was arrested and and subsequently convicted of reckless driving and disregard of police lights which both convictions come from the traffic arrest on August 7,2012. At the hearing on February 5,2013, the district court treated each charge as a seperate violation when in fact the August 7,2012 arrest and conviction should have been one violation. With the district court using each charge from the August 7,2012 arrest as seperate violations has its effect on the district court's sentence. The district court relied on erroneous legal premises making the Defendant's sentence procedurally unreasonable. At the hearing counsel objected to the district court making each August 7,2012 arrest seperare violations but the district court disregarded counsel's objection.

**6.**

The district court did not consider "the need to avoid unwarranted sentence disparities among defendants with simiar records who have been found guilty of similar conduct, in sentencing the Defendant at the revocation hearing making the sentence procedurally unreasonable. In imposing its sentence the district court did not conser § 3553(a)(6) and as Gall holds, when the district courts fail to consider the § 3553(a) factors it commits significant procedural error. As the revocation hearing transcript shows the district court did not consider the § 3553(a)(6) factor. Throughout the entire sentencing process the district court does not mention anything concerning imposing a sentence that reflects defendant's who have committed supervised release violations and to avoid sentencing disparieties among them. The record in this case clearly and undisputablly show that the district court did not consider § 3553(a)(6) in sentencing the Defendant making his sentence procedurally unreasonable.

**7.**

Well-settled precdent holds that "reversable procedural error occurs if the sentencing judge fails to set forth enough of a statement of reasons to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Fisher, 2013 U.S. App. LEXIS 5216(4th Cir.); United States v. Redwine, 488 Fed. Appx. 344(4th Cir.2010)(quoting Rita v. United States, 127 S. Ct. 2456, 2468, 168 L.Ed. 2d 203(2007)). This court holds that "when the judge makes only a conclusory reference to the § 3553(a) factors and does not address the defendant's arguments regarding application of those factors, then this Court will find the sentence unreasonable." Fisher; Redwine; and also see United States v. Carter, 564 F.3d 325, 330(4th Cir.2009). At the hearing the Defendant addressed the district court and present non-frivolous reasons for a lower sentence than the 12 month above guidelines sentence the government argued for. Defendant argued that his first supervised release revocation hearing in which his supervised release was revoked was for being terminated from a sub-stance abuse program; for not showing up for scheduled urine screens and testing positive for marijuana; for not working; for turning in monthly reports late and for not reporting as scheduled. Defendant argued that since his release from in-carceration, within four days of being released he gained employment and has remained working since that time; Defendant also argued that since his release he has never missed a scheduled urine screen and has tested negaitive everytime; and that he has completed the substance abuse program that he was terminated from previously. De-fendant argued that he has made several bad decisions involving driving but beyond that he has been moving forward in the right direction considering his past. The district court did not address the Defendant's argument for a lower sentence making the Defendant's sentence procedurally unreasonable warranting the Court to vacate the sentence and remand for resentencing. See Fisher; Carter; and Redwine.

8.

The Defendant's sentence is procedurally unreasonable being the district court committed significant procedural error of judgment in weighing the § 3553(a) factors

resulting in the district court also abusing its discretion. The only § 3553(a) factors considered by the district court in sentencing the Defendant is § 3553(a)(1) and § 3553(a)(2)(A). §3553(a)(2)(A) is not permitted to be considered by the court in sentencing the Defendant and the district court in considering § 3553(a)(1) merely re-stated the government's argument of the Defendant's history and characteristics and the nature and circumstances of the offense. Defendant's violations are for driving offenses and at the time the Defendant had valid driver's license. There is no "etraordinary circumstances" involving the Defendant's violations and the district court has not identified any "extraordinary circumstances." The district court did not place much attention to the Defendant's history and characteristics because just looking back to the Defendant's previous supervised release violation in 2005 shows that the Defendant was making positive strives in the right direction. Defendant was not using drugs anymore or selling; the Defendant was working since his release; upon the Defendant being released his driver's license were suspended and he did what it took to legally drive by obtaining his driver's license. The district court placed emphasis mainly on the Defendant's criminal record which should not have made a major impact in the district court's setence being the Defendant's Guidelines range in the case embodies the Defendant's criminal recoed. Furthermore, the Defendant was terminated from a 10 week substance abuse program in 2005 which was a violation of his previous supervised release. Defendant successfully completed the 10 week program upon his release in 2012. There is no "agravating or extraordinary circumstances" involved in the Defendant's revocation that  in considering the § 3553(a) factors that was considered by the district court at the hearing warranted an above guidelines range sentence of twenty-four(24) months. The district court only emphasis was placed on § 3553(a)(1) and § 3553(a)(2)(A). And § 3553(a)(2)(A) is not permitted to be considered in determining the length of the sentence the district court is imposing in a super-vised release revocation sentence. The district court did not, as mandated in Gall, consider all the permitted § 3553(a) factors and therefore could not have imposed a procedurally reasonable sentence on the Defendant which in turn makes the

Defendant's sentence procedurally unreasonable warranting his sentence to be vacated and remanded for resentencing. Without the district court considering all the permitted § 3553(a) factors in determining the appropriate sentence to impose there was no way the district court could procedurally weigh and impose a procedurally reasonable sentence.

9.

The Defendant's sentence is unreasonable because no reasonable sentencing court would have imposed the twenty-four(24) months incarceration on the Defendant in this case. On March 1,2013, the Defendant appeared in the same district court but before the Honorable Rebecca Smith for the "exact" same alleged conditions of supervised release for case No. 4:05cr5. The Defendant's advisory guidelines range in this case was 8 to 14-months incarceration. Defendant was sentenced to 12 months incarceration. Before a different judge and U.S. Attorney with a guidelines range of 8 to 14-months incarceration the Defendant received half of what the district court in this case imposed. In case No. 4:05cr5 the government, as did the government in this case, argued for a sentence of 12 months incarceration and the district court in considering the permitted § 3553(a) factors sentenced the Defendant to 12 months incarceration. Also in this Circuit in United States v. Chalmers, 81 Fed. Appx. 464(4th Cir.2008) the defendant was sentenced to 11 months on his second supervised release being revoked. His first revocation sentence was for a DUI arrest and subsequent conviction among other "Grade C" violations and he received a one month sentence. In his second revocation sentence he received 11 months for another DUI arrest and subsequent conviction among other "Grade C" violations. In United States v. Dexter, 2006 U.S. Dist. LEXIS 75256(4th Cir.) the defendant is sentenced to four days for his first supervised release violations and on his second violation sentence he is sentenced to 12 months incarceration.

No other sentencing court would have sentenced the Defendant to twenty-four(24) months incarceration for this type of violations committed by the Defendant and the Defendant's case No. 4:05cr5 undisputabally show that. In both of the Defendant's

cases for revocation the government argued for 12 months sentence and the
district court in case No.4:05cr5 only considered the permitted§ 3553(a)
factors which included the Defendant's history and characteristics of the Defendant.
In case No. 4:05cr5 the Defendant has a new criminal conviction which he was sentenced
by the same district judge that imposed the 12 months for the revocation. With a worser
criminal record the district court in case No.4:05cr5 imposed a within guidelines range
sentence. The fact that the district court in case No.4:05cr5 imposed a within guidelines
range sentence clearly and undisputabally establishes that there is not "extraordinary
circumstances" in the Defendant's violation of supervised release case that warrants
an above guidelines range sentence of 24 months incarceration. The Court should vacate
the Defendant's sentence and remand for resentencing.

## Sentence Substantively Unreasonable

Defendant's sentence is substantively unreasonable because the district court abused
its discretion in determing that the § 3553(a) factors supported the sentence. At
the hearing on February 5,2013, the district court did not consider all the § 3553(a)
factors in deciding the length of sentence it was going to impose. The Supreme
Court mandates that the district court consider all the permitted §3553(a) factors
in deciding the length of the sentence. In Sentencing the Defendant the district
court considered § 3553(a)(1) and § 3553(a)(2)(A). With the district court only
considering those two factors is in itself an abuse of discretion by the district
court. It is well-settled law in this Circuit that § 3553(a)(2)(A) factor is not
permitted to be considered by the district court in imposing a revocation sentence.
The district court's focus in imposing the sentence was on promoting respect for
the law and imposing just punishment for the offense. The district court's state-
ments throughout the entire hearing and when imposing the sentence remained on
promoting respect for the law and just punishment. Even after imposing the sentence
it states, "You still come out to early, two ahead." The district court's emphasis

on § 3553(a)(2)(A) factor is a complete abuse of its discretion making the sentence substantively unreasonable. Furthermore, the district court in considering § 3553(a) (1) factor only re-stated the government's argument of the Defendant's history and characteristics and the nature and circumstances of the offense. The district court did not present anything different from the government's §3553(a)(1) argument for a 12 month sentence which show that the district court abused its discretion in weighing the only permitted § 3553(a) factor in considering the length of the sentence. It did not point out any "extraordinary circumstances" involved in the Defendant's violations and had the Defendant been involved in a situation where he tried to outrun the police in a highspeed chase, could have been considered "extraordinary circumstances" but the Defendant was not charged nor did that even occur in the Defendant's traffic arrest. The Defendant never was involved in attempting to outrun the police putting lives in danger. The district court abused its discretion in weighing the sole § 3553(a) factor it considered by relying on erroneous factual and legal premises making the sentence substantively unreasonable. Also, in the district court weighing the one and only § 3553(a) factor it considered abused its discretion. The Defendant's history and characteristics show an individual moving in the right direction. The Defendant is no longer using drugs, the Defendant is steadily working; the Defendant is taking care of his responsibilities by successfully completing a 10 week substance abuse program that was required as part of his supervised release; a program that he was terminated from previously. The defendant's driver's license was suspended upon his release and he did everything required to legally drive. Realisticly looking at the Defendant's history and characteristics shows that the Defendant was headed in the right direction. Besides a few bad driving infractions occurring, with valid driver's license, the Defendant was fairing well. The Defendant, on March 1,2012 appeared in the same district court but before a different judge for a supervised release revocation hearing. The Defendant was facing the exact same alleged violation of supervised release being the Defendant was

serving the supervised release together. Before a different judge, and U.S. Attorney, the Defendant received a sentence of 12 months incarceration for the revocation. At the March 1,2012 hearing, as did the U.S. Attorney on February 5,2013, he argued that a guidelines range sentence of 12 months incarceration was warranted do to the Defendant's history and characteristics(§ 3553(a)(1)) and nature and circumstances of the offense. The judge in considering the § 3553(a)(1) along with the other § 3553(a) factors imposed 12 months incarceration. During the hearing the judge in considering the length of the sentence it was going to impose does not mentiion anything about the Defendant trying to outrun the police in a highspeed chase in considering the nature of circumstances of the Defendant's offense. Reason being is that it never occurred. In Defendant's case, we have Two U.S. Attorney's and Two district judges presiding over the exact same supervised release revocation proceeding. We have both U.S. Attorney's and one of the district judges all considering the Defendant's history and characteristics and the nature and circumstances of the Defendant's offense(§ 3553(a)(1) and the other § 3553(a) factors concluding that a 12 month sentence is warranted. The other judge only considers two § 3553(a) factors and of the two, one of the § 3553(a) factors that it considers is not permitted to be considered when imposing a revocation sentence imposing a sentence 100% greater than what was imposed by the others. The district judge in Defendant's case here abused its discretion in weighing the § 3553(a)(1) factor, the only permitted § 3553(a) that it considered im determining the Defendant's sentence. It did mot identify any "extraordimary circumstances" that warranted such a sentence. In the Defendant's previous revocation of supervised release in 2005 the Defendant's violations were "Grade C" violations and the Defendant's advisory guidelines range was 5 to 11-months. The district court imposed an above guidelines range sentennce of 12 months. At that time the Defendant's revocation did not involve "extraordimary curcumstatnces warranting an above guidelines sentence but the district court in fact imposed an above guidelines range sentence. At the February 5,2013 hearing

the Defendant's advisory guidelines range sentence is 5 to 11-months and with no "extraordinary circumstances" presented the district court again imposes an above guidelines range sentence.

The Defendant's sentence is substantively unreasonable because the district court used the July 7,2012 arrest and subsequent conviction and other alleged violations against the Defendant. Moreover, the district court did not dismiss the alleged violations occurring before July 24,2012 being the Defendant was not made aware of the conditions of the supervised release in this case until July 24,2012, making the Defendant's sentence substantively unreasonable. The Defendant cannot have his supervised release revoked for allegetly violating the conditions before being made aware of the conditions as mandated in § 3603(1) and § 3583(f). See United States v. Taylor, 321 F.2d 339(4th Cir.1963); United States v. Foster, 500 F.2d 1241(9th Cir.1977). Additionally, the district court used both charges from the August 7,2012 arrest as seperate violations when the guidelines calls for them to be treated as one violation. The charges must be treated as one violation instead of two seperate violations. In treating them as two increases the Defendant's punishment or at minimum weighs against the Defendant. With the guidelines being advisory the Defendant's sentence is substantively unreasonable because the district court treated it as being mandatory that it use each charge from the August 7,2012 arrest for seperate violations the Defendant committed. The Defendant's sentence is substantivelt un-reasonable and his sentence must be vacated and the case remanded back for resentencing.

**10.**                    **Alleyne v. United States**

In Alleyne, the Supreme Court held that" any factthat, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." The Dfendant's sentence must be vacated and remanded for resentencing to afford the Defendant the opportunity to argue the mitigating factor for a lower sentence being in his original sentencing he was enhanced 2 points for a firearm he was never charged with or presented to a jury.

In the Defendant's original conviction he plead guilty to count one, conspiracy to distribute cocaine base. The Defendant was never charged in the indictment with possessing a firmrarm nor did the Defendant plead guilty to possessing a firearm. The Defendant's sentence was increased by the enhancement for the firearm. Alleyne was not yet decided by the Supreme Court at the time of the Defendant's revocation revocation hearing and therefore was not able to present the mitigating argument. The ruling in Alleyne speaks directly to the type of enhancement the Defendant received in his case and it's ruling undisputablly givesnt the Defendant a non-frivolous argument for a lower sentence that the government argued for at the hearing and lower than the advisory guidelines range of 5 to 11-months.

The district court is required to review the Defendant's presentence report in a revocation hearing proceeding and with the district court reviewing the Defendant's presentence report will discover that the Defendant has in fact received an enhancement for a firearm possession that he was never charged with nor ever plead guilty to. The defendant has an mitigating argument that will warrant a lower sentence than the sentence imposed on the Defendant. The Defendant should be allowed to present the mitigating argument to the district court and by vacating the Defendant's sentence and remanding for resentencing will afford the Defendant the opportunity to present the non-frivolous argument to the district court.


**Issue Three:**                     **Jursidiction**

On November 30,2012, a summons was issued in the Defendant's case involving supervised release violations. On February 5,2013, the Defendant's supervised release

was ~~received~~ revoked by the district court and the Defendant was sentenced to twenty-four(24) months incarceration. Under Fed. R. Civ. P. 4(m), if the summons is not executed within the mandated time allowed the underlining issues for the summons must be dismissed. The summon's im the Defendant's case was never executed on the Defendant and therefore the revocation petition should have been dismissed by the district court. The district court did not have jurisdiction to revoke the Defendant's supervised release being the summons was never executed on the Defendant. Defendant's sentence should be vacated by this Court and the case remanded back to the district court with in instructions for the case to be dismissed.

## District Court Abusing its Discretion

The Defendant did not raise this issue at the hearing on February 5, 2013 supervised release revocation hearing but filed within ten days of the judgment a motion for reconsideration with the issues. The district court denied the Defendant's motion for reconsideratiom. Being the Defendant file a motion for reconsideration with the claims preserved the Defendant claims for appeal.

## Legal Standard

18 U.S.C. §3583(f) mandates that:

> "The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to serve as guide for the defendant's conduct and for such supervision as is required."

18 U.S.C. § 3603(1) mandates that:

> "A probation officer shall-instruct a probationer or a person on supervised release, who is under his supervision, as to the conditions specified by the sentencing court, and provide him with a statement clearly setting forth all such conditions."

A district court has broad discretion to revoke supervised release when its conditions are violated. However, the district court's discretion

has limitations, and this court has authority to review revocation decisions for fundamental unfairness or an abuse of discretion. The loss of liberty entailed in the revocation of supervised release is a serious deprivation requiring the district court to accord due process to the defendant on supervised release. Gagnon v. Scarpelli, 411 U.S. 778, 782, 36 L.Ed. 2d 656, 03 S. Ct. 1756(1973). at 411 U.S. at 781-82; Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed. 2d 484)1972). at 408 U.S. at 481-82. An essential component of these due process rights is that individuals be given fair warning of the acts which may lead to revocation and incarceration. See Grayned v. City of Rockford, 408 U.S. 104, 108-09, 33 L.Ed. 2d 222, 92 S. Ct. 2294(1972); also     United States v. Dane, 570 F.2d 840, 843(9th Cir.1977); United States v. Foster, 1241, 1243-44(9th Cir.1974)(probationer's failure to maintain contact with probation department could not be predicated for revoking probation because probationer had not been informed that he was obliged either to report to probation department or to advise them of change of address); United States v. Chapel, 428 F.2d 472, 474(9th Cir.1970)(noncriminal acts of protest against Selective Service while on probation for draft offeense could not be used to revoke probation for failing 'to obey all laws," when conditions themselves provided in adequate notice). See also United States v. Ortuno-Higareda, 421 F.3d 917(9th Cir.2005); United States v. Taylor,321 F.2d 339(4th Cir.1963).

On April 4,2012 the Defendant was released from incarceration in case No. 4:05cr5. On July 7,2012 the Defendant was arrested and subsequently convicted of DWI. Days later the Defendant's probation officer in case No. 4:05cr5 contacts the Defendant and informs the Defendant that on July 24,2012 he is coming out to his residence around 6-6:30 a.m. and that the Defendant needs to be home. On July 24,2012 the probation

officer arrives at the Defendant's residence and informs the Defendant
that he has a term of supervised release to serve in case No.4:95cr37
also. the probation officer informs the Defendant of the conditions of
the supervised release and both, the Defendant and the probation officer
sign the conditions acknowledging that the Defendant understands the
conditions and that the probation officer went over the conditions with
the Defendant. The probation officer gives the Defendant a copy of the
conditions. The probation officer subsequently files a petition for a
revocation hearing allegeing that the Defendant violated the conditions
of supervised release in case No.4:95cr37. The petition alelleges that
the Defendant violated supervised release by (1) not informing the
probation officer within 72 hours of being arrested on July 24,2012 along
with several other alleged violations.

It was not until July 24,2012 that the probation officer informed the
Defendant of the conditions of supervised release in case No.4:95cr37
and therefore, where the Defendant "was not" informed of the conditions
until July 24,2012, the district court cannot use anything occurring
before July 24,2012 for revoking the Defendant's probation. It was not
until July 24,2012 that the probation officer followed the mandates of
§ 3603(1) and § 3583(f). The district court revoked the Defendant's
supervised release by finding the Defendant guilty of not reporting
the DWI arrest on July 7,2012 along with other inccidents occurring
before July 24,2012, abusing its discretion and denying the Defendant
his rights to due process. The DWI arrest and not reporting it to the
probation officer was the beginning process in the probation officer
filing the petition for revocation of supervised release hearing.

The Defendant's sentence should be vacated and the case remanded back
to district court for further proceedings in accordance with United States
v. Taylor, 321 F.2d 339(1963). In the probation officers petition he falsely
states that he informed the Defendant of the conditions of supervised
release in case No.4:95cr37 within 72 hours of the Defendant being
released on April 4,2012. Upon the Defendant being released on April 4,2012,
the probation officer never informed the Defendant of the conditions of
supervised release in case No.4:95cr37 until July 24,2012 and the Defen-
dant's files from the probation office as well as the documents signed by
the probation officer and the Defendant will undisputabally show that it was
not until July 24,2012 that the probation officer informed the Defendant of
the conditions of supervised release in case No.4:95cr37. Additionally,
the documents in the Defendant's files will also show that the probation
officer lied in stating that he went over the conditions of supervised
release with the Defendant prior to July 24,2012 in case No.4:95cr37.

The Court should vacate the Defendant's sentence and remand with  instruc-
tions for the district court to reinstate the Defendant's supervised release
because nothing occurring before July 24,2012 can be used to file a petition
for a revocation hearing in Defendant's case. The July 7,2012 arrest was the
sole factor in the probation officer petitioning the district court for
a revocation hearing in case No. 4:95cr37. Had the July 7,2012 arrest not
occurred the probation officer would not have petitioned the district
court for the hearing. The Defendant in fact was arrested on August 7,2012
and subsequently convicted of reckless driving( going 69mph in a 45mph
zone) and misdermenor disregard of police lights. At the time the Defendant
had valid driver's license, was working and had completed a 10 week
substance abuse program successfully. Any action by the probation

officer without the alleged violations steming from the July 7,2012
arrest would have been a "Notice" filed to the district court simply
letting the district court know that the Defendant had been arrested
for two traffic violations which would have warranted, if any action,
a modification of the Defendant's supervised release,and under § 3553(a)
factors, a driving class could have been warranted.
The DWI that occurred on July 7,2012 is the sole reason the Defendant's
probation officer petitioned the district court for a revocation hearing
instead of seeking to modify the Defendant's supervised release, In numerous
cases where a Defendant test positive for drug use for the first time
the probation officer never petitions the court for a hearing for
revocation, they simply modifies the defendants probation and in
the Defendant's case, the August 7,2012 arrest for speeding would not
have resulted in the probation officer petitioning the court for a rev-
ocation hearing. Defendant's other driving conviction that was included
in the amendment to the petition which was on appeal at the time of
the february 5,2013 hearing has been dismissed. without the DWI arrest
and subsequent alleged violations relating to that arrest and the driving
charge that was on appeal being dismissed and with a new hearing being the
Defendant was denied due process the Defendant will be able to show the
court that he was working for a Temporary Service and that he never changed
jobs without notifying the probation officer but merely the work site
changed occassionaly on the job, the only violation in his case will
be for the August 7,2012 traffic arrest for reckless driving.
With the only violation being for a traffic violation and the files
from the Defendant's case at the probation office showing that the
probation officer lied stating he went over the conditions with the
Defendant upon his release onApril4,2012 and again on July 24,2012

warrants the case being dismissed or the Defendant being resentenced to time served.

Issue Four:

### Sentence Violated the Prohibition Against
### EX Post Facto Laws

Defendant's original conviction dates back to 1994. Defendant was sentenced under 18 U.S.C.§ 3583(e). On or around July 6,2005, the Defendant was sentenced to twelve(12) months incarceration for revocation of supervised released. The district court also sentenced Defendant to forty-eight(48) months of supervised release. The district court did not have the authority to imposed additional supervised release in Defendant's case and in doing so the sentence violated the Ex Post Facto Laws. The district court's sentence imposed on July 6,2012 of forty-eight(48) months supervised release was not authorized and Defendant is now serving a sentence that is illegal. Defendant's sentence on February 5,2013 must be vacated and the Court must instruct that the time currently served by the Defendant be awarded to the sentence in case No.4:05cr5. See United States v. Lominac, 144 F.3d 308(4th Cir. 1998); United States v. Parriet, 974 F.2d 523(4th Cir.1992). See also the Supreme Court ruling in Peugh v. United States, No. 12-62, 6/10/13.

Defendant's conspiracy began in 1990 and continued through 1994. Defendant was charged with conspiring to distribute fifty(50) grams or more of cocaine base. Defendant plead guilty to count one(1), conspiracy to distribute (50) grams or more of cocaine base. Dendant's participation in the conspiracy end in May of 1994. The Defendant was sentenced on February 28,1997. At the time of Defendant's offense § 3583(e) was in effect and therefore the district court was not aithorized on July 6,2005 to impose the forty-eight(48) months of supervised release. The district court violated the Ex Post Facto Laws and Defendant's current sentence must be vacated.

**Issue Five:**                    **Denial of Due Process**

In Gagnon v. Scarpelli, 411 U.S. 778, 782, 36 L.Ed 2d 656, 93 S.Ct. 1756(19730, the Supreme Court holds that   probationer's are entitled to the same Due Process Rights provided to parolees, as outlined in Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed. 2d 484 (1972). These righs are codified in Federal Rules of Civil Procedure 32.1. Under Fed. R. Civ. P. 32.1(a)(2)(A), the Probationer must receive "written notice of the alleged violations of probation and the evidence being used against them."

Throughout the entire supervised release revocation process the Defendant was denied his Due Process Rights. Defendant was never afforded "written notice of the alleged violations or evidence being used against him. To this very day Defendant has not received a " written copy" of the alleged violations. Defendant wasnever served a summons in the process. A summons was never executed on the De-fendant.

With the Defendant not receiving "written notice" of the alleged violations and evidence being used against him which denied the De fendant his Due Process, Defendant ended up pleading guilty to alleged violations at the hearing on February 5,2013, that he was actually innocent of. Defendant could not prepare his defense because of the denial of his Due Process rights. Defendant did not know what he was being accused of doing to violate the conditions of supervised release. Nor did the Defendant know what evidence the Government was using against him. Defendant did not find out these things until the hearing actually began on February 5,2013. At that time Defendant had no time to prepare a defense.

Had Defendant been afforded his Due Process rights Deendant would have known the alleged violation and evidence being used against him.

Defendant would have brought and presented to the district court his copy of pay stubs to show that he did not change jobs without notifying the probation officer which was an alleged violation he committed and ended up pleading guilty to because of not being able to prepare his defense. Defendant was working for a Temporary Service and at times the Defendant's work site changed but Defendant remained working for the same Temporay service and did not change jobs. Defendant's pay stubs would have confirmed this but do to Defendant being denied Due Process he was not able to prepare his defense and he ended up pleading guilty to a violation that he did not commit. In the petition filed by the probation officer he states that h went over the terms and conditions of supervised release with the Defendant within 72 hours of the Defendant being released on April 4,2012 and again on July 24,2012. Had the Defendant received his Due Process rights by receiving a copy of the petition Defendant would have brought evidence which would have clearly showed that the probation officer lied in his petition. Defendant would have brought and presented the documents he and the probation officer signed on their initial meeting pertaining to supervised release in case No. 4:95cr 37. Defendant was released on April 4,2012, and on July 7,2012 he was arrested and subsequently convicted of DUI. Days later the probation officer contacted the Defendant and informed him he was coming on July 24,2012 to his residence around 6-6:30 a.m. and he needed to be home. On July 24,2012 the probation officer arrives and as mandated in § 3583(f) and § 3603(1) he informs the Defendant that he has supervised release to serve in case No.4:95cr37. He then goes over the conditions of the supervised release and he and the Defendant

sign the document. He gives the Defendant a copy of the conditions.
Had Defendant received a copy of the petition he would have seen that the
probation officer lied in the petition. Defendant would have informed
the court and presented evidence showing that he lied. Also, with
the probation officer not informing the Defendant of the conditions
of supervised release until July 24, 2012, Defendant should not have
been charged or found guilty of violating any conditions that occurred
before July 24, 2012. In Grayned v. City of Rockford, 408 U.S. 104,
108-09, 33 L. Ed. 2d 222, 92 S. Ct. 2294(1972), it holds that probationers
have the Due Process rights to know the prohibitd conduct that could
result in him being incarcerated. See also United States v. Foster,
500 F.2d 1241(9th Cir.1974)(quoting United States v. Dane, 570 F.2d
840, 843(9th Cir.1977); United States v. Ortuno-Higareda, 421 F.3d
917(9th Cir.2005). In this Circuit it holds that a district court
abuses its discretion by revoking probation when Defendat was not
informed of the conditions of probation. United States v. Taylor,
321 F.2d 339(4th Cir.1963).

Had the Defendant received his Due Process righs by receiving a copy
of the petition he would have seen that the probation officer lied
and charged him with violating conditions prior to July 24, 2012.
Defendant would have prepared his defense and would have presented
evidence showing that the probation officer lied and presented
evidence showing when he was informed of the conditions of supervised
release in case No. 4:95cr37. The outcome wouold have been different
in favor of the Defendant. For one, upon the court finding out that
the probation officer lied in his petition, on that alone is grounds
for the court to dismiss the enitre case. Furthermore, the court
would have dismissed all alleged violations that occurred before
July 24, 2012. The court would not have imposed an above guideline

sentence with the facts all presented.

Defendant was denied his Due Process Rights which enabled him to prepared a defense which would have been factual documentation showing that the probation officer lied in his petition; it would show that the Defendant did not commit some of the alleged violations. Because of the Defendant being denied his Due Process righs lead to the Defendant pleading guilty to alleged violation that he did not commit. Defendant was not able to prepare his defense. Had Defendant received his Due Process rights he would have not received the sentence imppose and more likely than not, upon the district court discovering that the probation officer lied in his petition the court would have dismissed the case.

With the Defendant being denied his Due Process rights in the supervised release revocation proceedings warrants this Court to vacate the Defendant's sentence and remand the case back to district court with instructions to have a new hearing; vacate and remand with instructions for the district court to dismiss the case.

**Issue Six:**    **Probation Officer falsely Testifying in Petition**

In the Defendant's case involving revocation of his supervised release the U.S. Probation Officer assigned to the Defendant's case falsely testified in his petition to the district court for a revocation hearing which warrants the Court to vacate the Defendant's revocation sentence and remand back to the district court with instructions to dismiss the case; grant the Defendant time served on the case; and grant the Defendant any other relief he is entitled. United States v. Fisher, 2013 U.S. App. LEXI 6575(4th Cir.).

The U.S. Probation officer assigned to the Defendant's case filed a petition seeking for a revocation hearing alleging that the Defendant violated conditions of his supervised release. In the petition the probation officer testifies that

after the Defendant was released from incarceration on April 4,2012 in case No.
4:05cr5 he went over the conditions of the Defendant's supervised release in case
No. 4:95cr37 and went over them again with the Defendant on July 24,2012. After
the Defendant was released on April 4,2012, the probation officer in the Defendant's
case did not go over the conditions with the Defendant in case No.4:95cr37 until
July 24,2012 for the first time. The Defendant and the probation officer signed
and dated the documents pertaining to the supervised release in case No.4:95cr37
which clearly show that the probation officer lied in his petition. With the pro=
bation officer lying allowed him to charge the Defendant with violating supervised
release prior to the date the probation officer started supervising the Defendaant
and priot to the probation officer following the mandates of 18 U.S.C. § 3603(1)
and § 3583(f). The probation officer falsely testifying in the petition warrants
the Defendant's sentence being vlacated and dismissed by the district court. The
alleged violations occuring before the probation officer informed the Defendant
of the conditions should be dismissed. The case against the Defendant should be
dismissed being the probation officer falsely testified in his petition.
The Defendant should be able to have a hearing in which he can produce the documents
showing the date the probation officer advised him for the first time of the con-
ditions of supervised release in case No.4:95cr37.

### Conclusion

The Defendant's sentence of twenty-four(24) months incarceration is
unreasonable, procedurally and substantively unreasonable. The district
court in considering the length of sentence to impose considered §
3553(a)(2)(A) factor which is not permitted in imposing a revocation
sentence making the sentence it imposed plainly unreasonable because
it "runs afoul of clearly settled law." See United States v. Crudup,
461 F.3d at 439(4th Cir.2006). Furthermore, the district court committed
significant proceduraly error and abused its discretion by relying
on erroneous factual and legal premises in sentencing the Defendant.

The district court sentenced the Defendant in this case erroneously believing that the Defendant was in a highspeed chase with the police putting people's lives in danger. The Defendant was never in a highspeed chase with the police or try to outrun the police and the violations that the Defendant is charged with show that it did not happen at any point. Because the district court sentenced the Defendant on erroneous factual and legal prenises, the error by the district court must result in reversal. The Defendant was denied his due process rights in the revocation proceedings which warrants the case being vacated and dismissed. Additionally, the probation officer supervising the Defendant in this case falsely testifies in his petition for a revocation hearing.

The Defendant in this case also was denied ineffective assistance of counsel.

Defendant is seeking for the Court to **VACATE** his sentence and **REMAND** the case back to district court with instructions for(1)the case to be dismissed;(2)the Defendant to be appointed another attorney and further proceedings to determine the date the Defendant was advised by the probation officer of the conditions of supervised release in this case;(3)to dismiss all alleged violations occurring before July 24,2012(4) the Defendant the opportunity to prepare a defense and conduct a new hearing;(5) the case to be dismissed because the summons was never executed on the Defendant; and the Defendant ask this Court ot **GRANT** him any other relief he is entitled.

Respectfully submitted,

Kevin L. Walker

## CERTIFICATE OF SERVICE

I certify that on the 12 th day of August, 2013 I placed a copy of this document in the mail to the U.S. Attorney's Office, 721 Lakefront Commons, Newport News, Virginia 23606.

Kevin Lamont Walker
Reg No.26904-083
Federal Corr. Inst.
P.O.Box 10
Lisbon,OH 44432